UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           Judgment Creditor,

v.

DONNA MURRAY,

           Judgment Debtor,

and

EMPOWER, and TRANSAMERICA RETIREMENT SOLUTIONS, LLC,

           Third-Party Respondents.

23-CR-244 (PAE)

**TURNOVER ORDER**

    WHEREAS the Court entered judgment against DONNA MURRAY on September 12, 2023, and ordered her to pay $488,177.24 in restitution to the victim of her crime on September 27, 2023;

    WHEREAS Murray has made nominal restitution payments totaling $400 to date, and her outstanding balance, including interest accrued at the rate of 5.42%, is $507,171.00;

    WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose on all of Murray's property and rights to property notwithstanding any other federal law, and the United States may use any federal or state procedure to enforce the judgment;

    WHEREAS, pursuant to 18 U.S.C. § 3664(m), Federal Rule of Civil Procedure 69(a)(1) and N.Y. CPLR § 5222, the United States issued and served restraining notices on EMPOWER, and TRANSAMERICA RETIREMENT SOLUTIONS, LLC for substantial nonexempt property belonging or due to Murray;

1

WHEREAS Empower answered that it holds $174,638, subject to market fluctuation, in the Condon, O'Meara, McGinty & Donnelly, LLP Profit Sharing 401(k) Retirement Account for Murray;

WHEREAS Transamerica answered that it holds $131,617, subject to market fluctuation, in the LSTA Incentive Savings Trust 401(k) Plan for Murray;

WHEREAS the United States served Murray with the restraining notices and its motion for turnover order, including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a);

WHEREAS Murray claimed an exemption for certain annuity and pension payments that does not apply to the 401(k) funds held by the third-party respondents;

WHEREAS Murray has a substantial nonexempt interest in the funds held by each third-party respondent, to which the criminal judgment lien has attached, and therefore the restrained funds are subject to turnover;

IT IS HEREBY ORDERED that EMPOWER shall liquidate securities as needed to pay to the Clerk of Court the nonexempt property it has in its possession, custody, or control belonging to or due the judgment debtor, DONNA MURRAY, namely 100% of the full liquidated value of her Condon, O'Meara, McGinty & Donnelly, LLP Profit Sharing 401(k) Retirement Account, less any deductions required by law, with no withdrawal penalty. *See* 18 U.S.C. § 3613; *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (government authorized to garnish assets held in a retirement account to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

IT IS FURTHER ORDERED that TRANSAMERICA RETIREMENT SOLUTIONS, LLC shall liquidate securities as needed to pay to the Clerk of Court the nonexempt property it has

in its possession, custody, or control belonging to or due the defendant-judgment debtor, DONNA MURRAY, namely 100% of the full liquidated value of her LSTA Incentive Savings Trust 401(k) Plan, less any deductions required by law, with no withdrawal penalty.

Payments should be made by cashier's check or certified funds to "Clerk of Court" with "No. 23 CR 244" written on the face of each payment and mailed to:

>United States District Court
>500 Pearl Street, Room 120
>New York, New York 10007
>Attn: Cashier

The Clerk of Court is requested to terminate the motion at Dkt. No. 31.

Dated: New York, New York
       August 8, 2024

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE